E48nlevp                    Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          13 Cr. 327 (PGG)

MICHAEL LEVITIS,

                    Defendant.

------------------------------x

                                        New York, New York
                                        April 8, 2014
                                        11:30 a.m.

Before:

                    HON. PAUL G. GARDEPHE,

                                        District Judge

                         APPEARANCES

PREET BHARARA
      United States Attorney for the
      Southern District of New York
BY:   EDWARD IMPERATORE
      NICOLE FRIEDLANDER
      Assistant United States Attorneys

CHARLES ROSS
      Attorney for Defendant

ALSO PRESENT:

SUSAN KELLMAN

1          (In open court)

2          (Case called)

3          MR. IMPERATORE:  Good morning, your Honor, Edward

4    Imperatore and Nicole Friedlander for the government.

5          MR. ROSS:  Your Honor, Charles Ross, for Mr. Michael

6    Levitis, who is to my left.  Also at counsel table with me is

7    Doria Silverman, my associate, and Scott Schwartz, my

8    paralegal.

9          THE COURT:  All right.  Please be seated.  As to the

10   company defendant, we are not going to be moving forward with

11   that this morning.  I want an agreed-upon allocution with

12   respect to the company.  I want to understand who is going to

13   be pleading on the company's behalf and why they are authorized

14   to do that, and I want that in writing before we do anything.

15         MR. ROSS:  Your Honor, I understand.  We have worked

16   very, very hard this morning to accommodate that.  In the

17   courtroom is Ms. Susan Kellman, who is representing the

18   company.  Ms. Eva Levitis, who was an officer of Mission

19   Settlement, is also in the courtroom.

20         We have executed documents that the United States

21   Attorney's Office has generated with respect to the corporate

22   plea.  We have a proposed allocution that I think has been

23   shared with the government.  So obviously, if your Honor would

24   prefer to defer the corporate plea, that is fine.  But I

25   think -- and I don't want to speak for Ms. Kellman because she

1   is right here, and it is very difficult to speak for

2   Ms. Kellman.

3           THE COURT:  Ms. Kellman, let me say this was on for 10

4   o'clock.  It is now 11:30.  I have other things, I have other

5   matters I have to take that I have to take today.

6           I am prepared to start Mr. Levitis' allocution now but

7   at 12 noon, I'm done.  I have other matters I have to attend

8   to.  So we can put it on for this afternoon, as long as we are

9   ready.  We were not ready at 10 a.m. today.  I can tell you

10  that.

11          MS. KELLMAN:  Your Honor, we were not aware of the

12  Court's question until this morning.  I apologize for that.

13  When we understood what the Court's concern was, we immediately

14  attempted to remedy the situation.  I think we have had it

15  remedied.  Of course, I understand the Court's calendar is

16  another issue.  By the way, I do have a 3 o'clock before the

17  Court this afternoon and I am just told by my office that my

18  client has no car fare, so you may have some time at 3 o'clock.

19          THE COURT:  Given that you are prepared to be here at

20  3 o'clock anyway, I am happy to take the plea this afternoon.

21          MS. KELLMAN:  Whatever you want to do.

22          THE COURT:  I have a 3:30.  What is the government's

23  schedule?

24          MR. IMPERATORE:  Your Honor, I am the assistant before

25  the Court at 3:30, so I will be around.  If I could just

1  address one other point that the Court raised, and that is the

2  issue of whether Ms. Levitis is in fact someone who could bind

3  the company.

4           THE COURT:  Yes.

5           MR. IMPERATORE:  The government provided to the Court

6  by e-mail this morning several documents that show conclusively

7  that she is.  It submitted to the Court among other things a

8  document with the New York State --

9           THE COURT:  That is not in the name of Mission

10  Settlement agency, is it?

11          MR. IMPERATORE:  That is its a/k/a, your Honor.  I

12  should say d/b/a.  It's the same company.  We have also

13  submitted --

14          THE COURT:  More properly Mission Settlement is the

15  d/b/a of Mission?

16          MR. IMPERATORE:  That is true, your Honor.  We have

17  also submitted bank documents showing that she is the sole

18  signatory of Mission's bank accounts.

19          THE COURT:  I take it it is an LLC, right?  Is she the

20  sole --

21          MR. IMPERATORE:  That is the government's

22  understanding, your Honor.  It is not a corporation.

23          THE COURT:  Is she the sole member of the LLC?

24          MR. IMPERATORE:  That is the government's

25  understanding, your Honor.

1      THE COURT:  She doesn't have to be the sole member,

2  but she has to be a member.  Is she a member?

3      MS. KELLMAN:  She is a member, Judge.  I don't think

4  she is the sole member, but she is a member.

5      THE COURT:  I think as long as she is a member, that's

6  good enough.

7      MS. KELLMAN:  She will allocute to that as well,

8  Judge.  Again, if your schedule is such that we can't

9  accommodate the Court, we can come back this afternoon or at

10 another time.

11     THE COURT:  What is going on with Mr. Williams?

12     MS. KELLMAN:  As I said, I just got this e-mail from

13 my office that said that he hung up on my secretary because he

14 had no carfare, and they have not been able to reach him since

15 he hung up.  He appeared to be agitated.  Whether he finds car

16 fare or not I can't predict, but I will be here at 3 in either

17 event.  I can do whatever is convenient to the Court.

18     THE COURT:  Why don't we put the plea on for 2:45.

19     MS. KELLMAN:  That will be fine, Judge.

20     THE COURT:  You will come back at 2:45, and

21 Mr. Williams will either be here or he won't.  If he is, he

22 will have to wait a little bit.  OK?

23     MS. KELLMAN:  Very good, your Honor.

24     THE COURT:  That is all right with you,

25 Mr. Imperatore?  You are available at 2:45?

1              MR. IMPERATORE:  Yes, your Honor.

2              THE COURT:  In the meantime we will proceed with

3    Mr. Levitis' plea.  I understand that Mr. Levitis wishes to

4    plead guilty to a superseding information charging him with

5    conspiracy to commit mail and wire fraud and also a second

6    conspiracy to commit wire fraud.

7              Is that true, Mr. Ross?

8              MR. ROSS:  Yes, sir, that is true.  You have the

9    superseding information before you.  In addition, we have

10   executed a waiver of indictment with regard to the superseding

11   information.  Also before the Court is a plea agreement, a

12   consent preliminary order of forfeiture, and a stipulation and

13   order, all of which have been executed and signed.

14             THE COURT:  All right.

15             Mr. Ruocco, would you please swear in Mr. Levitis.

16             (Defendant sworn)

17             THE COURT:  Mr. Levitis, you should understand you are

18   now under oath, and if you answer any of my questions falsely,

19   you can be prosecuted for perjury and for making a false

20   statement.

21             Do you understand that?

22             THE DEFENDANT:  I do, your Honor.

23             THE COURT:  I have a written advice of rights form

24   before me.  It appears to have been signed by you and by

25   Mr. Ross.  Is this your signature on the advice of rights form?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  I will mark it as Exhibit 1 to these

3   proceedings.  I have a plea agreement before me that also

4   appears to have been signed by you and by Mr. Ross and by

5   representatives of the U.S. Attorney's Office.  Is this your

6   signature on the plea agreement?

7          THE DEFENDANT:  Yes, Judge.

8          THE COURT:  I will mark it as Exhibit 2 to these

9   proceedings.

10          Finally, I have a waiver of indictment which appears

11   to have been signed by you and by Mr. Ross and by my deputy

12   Mr. Ruocco.  Is this your signature on the waiver of

13   indictment?

14          THE DEFENDANT:  Yes, that is.

15          THE COURT:  All right.  I will mark that as Exhibit 3

16   to these proceedings.

17          MS. KELLMAN:  Your Honor, if I may, I'm sorry to

18   interrupt.  My client has bit of a hearing impairment and she

19   would like to hear the proceedings.  I am wondering if we can

20   sit in the jury box.

21          THE COURT:  She is welcome to come up to the defense

22   table.  Ms. Kellman, if you want to sit up there you're

23   welcome, too.

24          Wherever you are comfortable.  If you want to be in

25   the jury box, that's fine.

E48nlevp                    Plea

1          MS. KELLMAN:  So we don't have to make everybody move

2    around.

3          THE COURT:  Mr. Levitis, before deciding whether to

4    accept your guilty plea, I must ask you certain questions.  It

5    is important that you answer these questions honestly and

6    completely.  The purpose of these proceedings is to make sure

7    that you understand your rights and for me to make certain that

8    you are pleading guilty of your own free will and to make sure

9    that you are pleading guilty because you are in fact guilty and

10   not for some other reason.  Do you understand that?

11         THE DEFENDANT:  I do, your Honor.

12         THE COURT:  If you don't understand any of my

13   questions or you want to consult with your attorneys at any

14   time, please say so, because it is important that you

15   understand every question before you answer.

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Could you state your full name for the

18   record.

19         THE DEFENDANT:  Michael Levitis.

20         THE COURT:  How old are you, sir?

21         THE DEFENDANT:  37 years old.

22         THE COURT:  How far did you go in school?

23         THE DEFENDANT:  I received my juris doctor.

24         THE COURT:  Have you ever been addicted to any drugs

25   or alcohol or been treated for any addiction?

1          THE DEFENDANT:  No.

2          THE COURT:  Are you now or have you recently been

3     under the care of any kind of doctor?

4          THE DEFENDANT:  No.

5          THE COURT:  In the past 24 hours, have you taken any

6     drugs, medicine, or pills or drunk any alcohol?

7          THE DEFENDANT:  No.

8          THE COURT:  Is your mind clear today, and do you

9     understand what is happening?

10          THE DEFENDANT:  It is, your Honor.

11          THE COURT:  Mr. Ross, any doubt as to Mr. Levitis'

12     competence to plead guilty this morning?

13          MR. ROSS:  I have no doubt, your Honor.  I believe he

14     is competent to enter his guilty plea before the Court this

15     morning.

16          THE COURT:  On the basis of Mr. Levitis' responses to

17     my questions and my observations of his demeanor, I do find

18     that he is fully competent to enter an informed plea.

19          Mr. Levitis, have you received a copy of the

20     superseding information which contains the charges against you?

21          THE DEFENDANT:  I have, your Honor.

22          THE COURT:  Have you read the information?

23          THE DEFENDANT:  Yes, I have, your Honor.

24          THE COURT:  Do you wish me to read it to you now in

25     open court?

1            THE DEFENDANT:  It is not necessary, your Honor.

2            THE COURT:  You should understand that you are charged

3    in two counts.  Count one of the superseding information

4    charges you with a felony offense of violating Title 18, United

5    States Code, Section 371 by conspiring to commit mail fraud and

6    wire fraud.

7            In Count Two you are charged with a felony offense,

8    second felony offense of violating 18 United States Code

9    Section 371 by engaging in a separate conspiracy to commit wire

10   fraud.

11           Do you understand that these are the charges against

12   you in the superseding information?

13           THE DEFENDANT:  I do, your Honor.

14           THE COURT:  Have you had enough time to discuss your

15   case with your attorneys?

16           THE DEFENDANT:  Yes, I have, your Honor.

17           THE COURT:  Have you discussed with them the charges

18   against you, including your intention to plead guilty?

19           THE DEFENDANT:  Yes, your Honor.

20           THE COURT:  Have you discussed with them any possible

21   defenses you might have to these charges as well as all the

22   facts about your involvement in these matters?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  Have they told you about the consequences

25   of pleading guilty?

1           THE DEFENDANT:  Yes, they have, your Honor.

2           THE COURT:  Are you satisfied with your attorney's

3    representation of you?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  As I mentioned, I have before me a waiver

6    of indictment form that you told me you had signed.  Before you

7    signed the waiver of indictment, did you discuss it with your

8    attorneys?

9           THE DEFENDANT:  Yes, I have, your Honor.

10          THE COURT:  Did they explain it to you.

11          THE DEFENDANT:  Yes, they did.

12          THE COURT:  Do you understand that you have no

13   obligation to waive indictment?

14          THE DEFENDANT:  Yes, I do.

15          THE COURT:  Have any threats been made against you or

16   any promises been made to you to induce you to waive

17   indictment?

18          THE DEFENDANT:  No, no, your Honor.

19          THE COURT:  You understand that if you did not waive

20   indictment, the government would be required to present your

21   case to a grand jury, which would be asked to determine whether

22   there was probable cause to believe that these crimes were

23   committed and that you committed them?  Do you understand that?

24          THE DEFENDANT:  I do, your Honor.

25          THE COURT:  You further should understand that the

1   grand jury might or might not choose to indict you.

2           THE DEFENDANT:  I understand, your Honor.

3           THE COURT:  Do you realize that by signing this waiver

4   of indictment you have given up your right to have your case

5   presented to a grand jury and that instead the case against you

6   will proceed on the basis of the information signed by the

7   United States Attorney?

8           THE DEFENDANT:  Yes, Judge.

9           THE COURT:  All right.  I find you have knowingly and

10  voluntarily waived your right to have your case presented to a

11  grand jury, and the case will proceed by way of information.

12          Mr. Levitis, I'm required to explain certain

13  constitutional rights that you have.  These are rights you will

14  be giving up if you enter a guilty plea.  Listen carefully to

15  what I am about to say.  If you don't understand something,

16  stop me, and either your attorneys or myself will explain the

17  matter to you more fully.

18          Under the Constitution and laws of the United States,

19  you have a right to a speedy and public trial by a jury on the

20  charges against you contained in the information.

21          Do you understand that?

22          THE DEFENDANT:  I do, your Honor.

23          THE COURT:  If there were a trial, you would be

24  presumed innocent, and the government would be required to

25  prove your guilt by competent evidence and beyond a reasonable

1   doubt.  You would not have to prove you were innocent at a

2   trial.

3            Do you understand that?

4            THE DEFENDANT:  I do, your Honor.

5            THE COURT:  If there were a trial, a jury composed of

6   12 people selected from this district would have to agree

7   unanimously before you could be found guilty.  Do you

8   understand that?

9            THE DEFENDANT:  I do.

10           THE COURT:  If you decide to go to trial, at that

11  trial and at every stage of your case, you would have the right

12  to be represented by an attorney, and if you could not afford

13  one, an attorney would be appointed to represent you at

14  government expense and at no cost to you.

15           If you retained a lawyer and you ran out of money, an

16  attorney would be appointed to continue to represent you and to

17  handle your case all the way through trial and not just for

18  purposes of a guilty plea.

19           So your decision to plead guilty should not depend on

20  whether you can afford a lawyer.  Do you understand that?

21           THE DEFENDANT:  Yes, Judge.

22           THE COURT:  If there were a trial, you would have the

23  right to see and hear all of the witnesses against you and your

24  attorneys could cross-examine them.  You would have a right to

25  have your attorney object to the government's evidence and to

1   offer evidence on your behalf if you so desire.  You would have

2   the right to have subpoenas issued to compel witnesses to

3   testify in your defense.  Do you understand that?

4               THE DEFENDANT:  I do, Judge.

5               THE COURT:  If there were a trial, you would have the

6   right to testify if you wanted to, but no one could force you

7   to testify if you did not want to.  Furthermore, no inference

8   or suggestion of guilt could be drawn if you chose not to

9   testify at a trial.

10              Do you understand that?

11              THE DEFENDANT:  I do.

12              THE COURT:  If you were convicted at a trial, you

13  would have the right to appeal that verdict to a higher court.

14  Do you understand that?

15              THE DEFENDANT:  I do.

16              THE COURT:  Even now, as you are entering this plea,

17  you have the right to change your mind, plead not guilty, and

18  go to trial on the charges contained in the information.

19              Do you understand that?

20              THE DEFENDANT:  Yes, your Honor.

21              THE COURT:  If you plead guilty and I accept your

22  plea, you will give up your right to a trial and the other

23  rights I just discussed, other than the right to an attorney

24  which you have regardless of whether or not you plead guilty.

25              If you plead guilty, I will enter a judgment of guilty

1    and sentence you on the basis of your plea after I have

2    considered a presentence report and whatever submissions I

3    receive from your attorneys and the prosecutors.

4              Do you understand that?

5              THE DEFENDANT:  I do, your Honor.

6              THE COURT:  If you plead guilty, you will have to give

7    up your right not to incriminate yourself because I will ask

8    you questions about what you did in order to satisfy myself

9    that you are guilty as charged and you will have to admit and

10   acknowledge your guilt.

11             Do you understand that?

12             THE DEFENDANT:  I do, your Honor.

13             THE COURT:  As I said a moment ago, Count One of the

14   superseding information charges you with conspiring to commit

15   mail fraud and wire fraud.  The government claims that

16   Mission -- I will refer to the company as Mission -- held

17   itself out as an entity that could successfully negotiate to

18   lower the overall debt that its customers owed to credit card

19   companies and banks.  The government's theory is that you and

20   others engaged in a scheme to defraud customers of Mission by,

21   among other things, making misrepresentations about Mission's

22   fees, the results it obtained for its customers, and its

23   affiliation with the federal government and with certain credit

24   bureaus in the United States.

25             I must now tell you the elements of the offenses

1   charged in Count One and Count Two of the information.  This is

2   what the government would have to prove were the case to

3   proceed to trial, and they would have to prove these elements

4   beyond a reasonable doubt.

5           As to Count One, the government would have to prove

6   the existence of the conspiracy charged, in other words, that

7   at some point between 2009 and April 2013 there was in fact an

8   agreement or understanding between you and one other person or

9   at least one other person to violate those provisions of the

10  law that make it a crime to commit mail fraud and wire fraud.

11          Let me tell you that a person commits made fraud by

12  knowingly and willfully executing a scheme or artifice to

13  defraud or to obtain money or property by means of materially

14  false and fraudulent pretenses, representations, and promises

15  and by using or causing the use of the mails in the execution

16  of that fraudulent scheme.

17          A person commits wire fraud by knowingly and willfully

18  executing a scheme or artifice to defraud or to obtain money or

19  property by means of materially false and fraudulent pretenses,

20  representations, or promises and by using or causing the use of

21  the interstate wires to be used in execution of that fraudulent

22  scheme.

23          The second element of the conspiracy charge is that

24  you knowingly became a member of the conspiracy, that is, that

25  you knowingly associated yourself with it and you participated

1    in the conspiracy to commit mail fraud and wire fraud.

2            Third, the government would have to prove that during

3    the life of the conspiracy one of the conspirators, not

4    necessarily you, knowingly committed at least one overt act in

5    furtherance of the conspiracy in the Southern District of New

6    York.

7            As to Count Two, the government claims that you and

8    others engaged in the conspiracy to defraud customers of Alpha

9    Debt Settlement by, among other things, making representations

10   that were false about Alpha's fees, the results it obtained for

11   its customers, and its affiliations.

12           The elements of the Count Two, conspiracy to commit

13   wire fraud are:  First, that the conspiracy charged in Count

14   Two existed, that, in other words, at some point between 2011

15   and in or about 2013 there was in an agreement or understanding

16   between two or more people to violate those provisions of the

17   law that make it a crime to commit wire fraud.  As I told you a

18   moment ago, a person commits wire fraud by knowingly and

19   willfully executing a scheme or artifice to defraud or to

20   obtain money or property by means of materially false and

21   fraudulent pretenses, representations, or promises and by using

22   or causing the use of interstate wires to be used in execution

23   of the fraudulent scheme.

24           Second, the government would have to prove that you

25   knowingly became a member of the charged conspiracy, that is,

1    that you knowingly associated yourself with and participated in

2    the conspiracy to commit wire fraud.

3            Third, the government would have to prove that during

4    the life of the conspiracy one of the conspirators, not

5    necessarily you, knowingly committed at least one overt act in

6    furtherance of the conspiracy in the Southern District of New

7    York.

8            Do you understand that these are the elements of

9    Counts One and Two and that the government would be required to

10   prove each of these elements beyond a reasonable doubt?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  I must tell you the maximum and the

13   minimum possible penalty for these crimes.  The maximum means

14   the most punishment that could possibly be imposed.  It does

15   not necessarily mean that is what you will receive, but you

16   have to understand that by pleading guilty you are exposing

17   yourself to the possibility of receiving any combination of

18   punishments up to the maximum I am about to describe.

19           Do you understand that?

20           THE DEFENDANT:  Yes, Judge.

21           THE COURT:  Counts One and Two each carry a maximum

22   term of imprisonment of five years, a maximum term of

23   supervised release of three years, a maximum fine pursuant to

24   Title 18, United States Code, Section 371 of the greatest of

25   $250,000, twice the gross pecuniary gain derived from the

 1    offense, or twice the gross pecuniary loss to any person other

 2    than a defendant resulting from the offense.  There is also a

 3    $100 special assessment I'm required to impose.

 4           You should understand that the sentences imposed on

 5    Counts One and Two may be imposed to run concurrently, that is,

 6    at the same time, or they could be imposed to run

 7    consecutively, that is, one after the other.

 8           Do you understand that?

 9           THE DEFENDANT:  Yes, Judge.

10           THE COURT:  Parole has been abolished in the federal

11    system, and if you are sentenced to prison you will not be

12    released early on parole.  There is a limited opportunity to

13    earn credit for good behavior, but you will have to serve at

14    least 85 percent of the time you are sentenced to.

15           With respect to supervised release, you should

16    understand that during your term of supervised release, you

17    will be required to follow and obey the conditions of your

18    supervised release and that a violation of those conditions

19    could result in your return to prison.

20           Do you understand that?

21           THE DEFENDANT:  Yes, Judge.

22           THE COURT:  As part of your sentence, I also have the

23    power to order you to make restitution to any person injured as

24    a result of your criminal conduct, and I can also order you to

25    forfeit certain property to the government.

1          Do you understand that?

2          THE DEFENDANT:  Yes, Judge.

3          THE COURT:  Being convicted of a felony may have other

4    consequences, such as the loss of professional licenses.  You

5    mentioned you are an attorney, so a conviction here will likely

6    result in the loss of that license.  Also, the right to possess

7    a firearm.  If you are a citizen of the United States, you

8    could lose your right to vote.  If you are not a citizen of the

9    United States, you will likely lose your right to remain in the

10   United States, and you may be deported.

11         This is not a full list of the consequences of a

12   felony conviction, but these are examples.

13         Do you understand that?

14         THE DEFENDANT:  Yes, I understand, your Honor.

15         THE COURT:  There are sentencing guidelines that I am

16   required to consult in order to determine an appropriate

17   sentence in this case.  Have you talked about your attorneys

18   about the sentencing guidelines?

19         THE DEFENDANT:  Yes, I have.

20         THE COURT:  You should understand that I will not be

21   able to determine what the applicable guidelines sentence is

22   until after a presentence report has been completed by the

23   United States probation office and you and the government have

24   had a chance to challenge the facts as they are reported by the

25   U.S. probation office.

1          Do you understand that?

2          THE DEFENDANT:  I do, your Honor.

3          THE COURT:  You should understand that after I

4    determine what the appropriate range is under the sentencing

5    guidelines and determine whether a departure is appropriate

6    either upward or downward from that range, I will then

7    determine what an appropriate sentence is in your case, having

8    in mind not only the sentencing guidelines but all of the

9    factors set forth in the sentencing statute, including the need

10   for the sentence imposed to reflect the seriousness of the

11   offense, the need to promote respect for the law, the need to

12   provide just punishment, and the need to afford adequate

13   deterrence to criminal behavior.

14          Do you understand that?

15          THE DEFENDANT:  I do, your Honor.

16          THE COURT:  You should understand that if your

17   attorneys or anyone else has attempted to estimate or predict

18   what your sentence will be that their estimate or prediction

19   could be wrong.  Do you understand that?

20          THE DEFENDANT:  I do, your Honor.

21          THE COURT:  No one, not even your attorneys or the

22   prosecutors, can nor should give you any assurance of what your

23   sentence will be.  Your sentence cannot be determined until the

24   presentence report is prepared and I have ruled on any

25   challenges to the report, determined whether I believe there

1    are grounds to depart either upward or downwards from the

2    sentencing range recommended by the guidelines, and otherwise

3    determine what an appropriate sentence is in your case.

4              Do you understand that?

5              THE DEFENDANT:  I do, your Honor.

6              THE COURT:  You should fully understand that even if

7    your sentence is different from what your attorneys or anyone

8    else told you it might be, or if it is different from what you

9    expect, you will still be bound by your guilty plea and you

10   will not be allowed to withdraw your plea of guilty.

11             Do you understand that?

12             THE DEFENDANT:  I do, your Honor.

13             THE COURT:  I have been given a plea agreement which I

14   have marked as Exhibit 2.  You told me a moment ago that you

15   signed it.  Did you read the plea agreement before you signed

16   it.

17             THE DEFENDANT:  Yes, I have, your Honor.

18             THE COURT:  Did you discuss it with your attorneys

19   before you signed it?

20             THE DEFENDANT:  Yes, I have, Judge.

21             THE COURT:  Did you fully understand all the terms of

22   the agreement before you signed it?

23             THE DEFENDANT:  Yes, I did.

24             THE COURT:  Does this agreement constitute your

25   complete and total understanding of the entire agreement

1    between you and the United States as to this matter?

2              MR. ROSS:  Judge, the answer to that question is yes,

3    and Mr. Levitis can obviously answer the Court's question.

4    There is one other understanding that we have, and that is

5    yesterday I received from Stephanie Eiser Goldblatt who is an

6    enforcement attorney for the northeast region of the Consumer

7    Financial Protection Bureau and she's informed me by way of

8    e-mail correspondence that, in light of the entry of the guilty

9    plea today before your Honor and an understanding set forth in

10   the consent to forfeit and the stipulation and order in the in

11   rem action pending in this courthouse that the CFPB intends to

12   file a notice of dismissal of its action against Mr. Levitis

13   the Law Office of Michael Levitis and Mission Settlement

14   Agency.

15             MR. IMPERATORE:  Your Honor, I would just note that

16   the agreement referenced by defense counsel is not an agreement

17   to which the United States Attorney's Office is a party.  We

18   are aware of that agreement, but it is certainly not a

19   condition of the plea agreement before the Court, and that

20   agreement has no bearing on this case before your Honor.

21             MR. ROSS:  And we would certainly agree with that,

22   your Honor.

23             THE COURT:  All right.

24             So, Mr. Levitis, what you need to understand is that

25   if, for example, the Consumer Financial Protection Bureau -- is

1  that a state agency?

2            MR. ROSS:  No, your Honor.

3            MR. IMPERATORE:  It is a federal agency, your Honor.

4            MR. ROSS:  It is a federal agency.

5            THE COURT:  Consumer Financial Protection Bureau.

6  What you need to understand, Mr. Levitis, is that if the

7  Consumer Financial Protection Bureau, if they decide to change

8  their mind and they decided they wanted to pursue your case,

9  that would not provide any basis for you to withdraw your plea.

10            Do you understand that?

11            THE DEFENDANT:  I do, your Honor.

12            THE COURT:  So then let me ask my question again,

13  which is with respect to the plea agreement, Exhibit 2, does

14  this agreement constitute your complete and total understanding

15  of the entire agreement between you and the Department of

16  Justice as to this matter?

17            THE DEFENDANT:  Yes, your Honor.

18            THE COURT:  Has anyone offered you any inducements or

19  threatened you or forced you to plead guilty or to enter into

20  this plea agreement?

21            THE DEFENDANT:  No, Judge.

22            THE COURT:  One of the terms of the plea agreement is

23  that so long as I sentence you to 108 months of imprisonment or

24  less, you may not appeal your sentence or file any collateral

25  challenge attacking the legality of your sentence.

1          Do you understand that term in the plea agreement?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Also, with respect to the sentencing range

4     that is set forth in the plea agreement, which is 87 to 108

5     months, I need you to understand Mr. Levitis that that is not

6     binding on me.  You understand that, right?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  That is an agreement that you have with

9     the United States, but it is not an agreement that binds the

10    Court.  You understand that?

11         THE DEFENDANT:  Yes.

12         THE COURT:  OK.

13         Mr. Ross, do you know of any valid defense that would

14    prevail at trial or any other reason why Mr. Levitis should not

15    be permitted to plead guilty?

16         MR. ROSS:  I do not, your Honor.

17         THE COURT:  Do you believe there is an adequate

18    factual basis to support a guilty plea?

19         MR. ROSS:  Yes, sir, I believe there is.

20         THE COURT:  Mr. Imperatore, is there an adequate

21    factual basis to support a guilty plea here?

22         MR. IMPERATORE:  There is, your Honor.

23         THE COURT:  Mr. Levitis, we've reached the point in

24    the proceedings where I need you to tell me what you did that

25    makes you believe that you are guilty of the crimes charged in

1    the information.

2              MR. ROSS:  Your Honor, we have reviewed with

3    Mr. Levitis the factual basis for the entry of his plea, and we

4    have provided him through discussion with him a written

5    statement.  If it's OK with the Court, we ask your Honor to

6    allow Mr. Levitis to read that statement as the factual basis

7    for his plea.

8              THE COURT:  All right.  I will hear you, Mr. Levitis.

9              THE DEFENDANT:  Judge, from 2009 through April 2013, I

10   along with others operated Mission Settlement Agency, a debt

11   that settlement company.  During this period, I agreed with

12   other employees of the company to defraud Mission Settlement

13   Agency's customers by making misrepresentations about Mission's

14   fees and results, among other things.  Those misrepresentations

15   were made for the purpose of obtaining money and property.

16             As part of this conspiracy and to further the scheme

17   to defraud, I and others knowingly mailed materials using the

18   U.S. Postal Service and private carriers.  For example, in or

19   about 2011 I knowingly caused a solicitation letter to be

20   mailed that contained fraudulent and deceptive information.

21             In addition, as part of the conspiracy and to further

22   the scheme to defraud, I and others transmitted various

23   writings, pictures, and sounds by means of wire, radio, and

24   television in interstate and foreign commerce.

25             I committed these acts in Manhattan.  I engaged in

1   this conduct knowingly and intentionally.

2          Also, your Honor, from about 2011 through 2013, I

3   along with others operated  Alpha Debt Settlement, also a debt

4   settlement company.  During this period I agreed with other

5   employees of the company to defraud Alpha Debt Settlement

6   customers by making misrepresentations about Alpha's fees and

7   results, among other things.  Those misrepresentations were

8   made for the purpose of obtaining money and property.

9          As part of this conspiracy and to further the scheme

10  to defraud, I and others knowingly mailed materials using U.S.

11  Postal Service and private carriers.

12         For example, on May 11, 2012, I knowingly sent an

13  e-mail to certain Alpha employees in which I instructed the

14  employees to make misrepresentations to Alpha customers.

15         In addition, as part of the conspiracy and to further

16  the scheme to defraud, I and others transmitted various

17  writings, pictures, and sounds by means of wire, radio, and

18  television in interstate and foreign commerce.  I committed

19  some of these acts in Manhattan.  I engaged in this conduct

20  knowingly and intentionally.

21         Also, your Honor, if I might just add that I am here

22  to accept responsibility for my actions.  I took advantage of

23  people who were struggling financially and caused them

24  financial loss and hardship.

25         I am deeply sorry for the harm I caused the customers

1    of Mission and Alpha.  I would like to apologize to the Court,

2    to the government, to my family, and most importantly to the

3    victims of my crimes.

4                THE COURT:  Is the government satisfied with the

5    allocution?

6                MR. IMPERATORE:  It is, your Honor.

7                THE COURT:  Mr. Levitis, are you pleading guilty

8    because you are in fact guilty, and are you pleading guilty

9    voluntarily and of your own free will?

10               THE DEFENDANT:  Yes, your Honor.

11               THE COURT:  Then I will ask you now separately as to

12   each count of the information how do you plead.

13               With respect to Count One, guilty or not guilty?

14               THE DEFENDANT:  Guilty.

15               THE COURT:  With respect to Count Two, guilty or not

16   guilty?

17               THE DEFENDANT:  Guilty.

18               THE COURT:  I have been given a consent preliminary

19   order of forfeiture that has been executed by the parties.

20               Mr. Levitis, is this your signature on the consent

21   preliminary order of forfeiture?

22               THE DEFENDANT:  Yes, your Honor.

23               THE COURT:  All right.  I am executing that order.

24               Does the government wish me to allocute Mr. Levitis on

25   the forfeiture allegation in the information?

1          MR. IMPERATORE:  Yes.  If the Court could ask the

2    defendant whether he understands that he's admitting to the

3    forfeiture allegations in the information.

4          THE COURT:  All right.  Mr. Levitis, the information

5    includes a forfeiture allegation in which the government has

6    put you on notice that it seeks any and all property

7    constituting or derived from any proceeds obtained directly or

8    indirectly as a result of the conspiracy offenses charged in

9    the information.

10         Then it also seeks any and all property, real and

11   personal, that constitutes or is derived from proceeds

12   traceable to the commission of these offenses.  Do you admit

13   the forfeiture allegations set forth in the information?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Mr. Levitis, because you acknowledge that

16   you are guilty as charged in the information, because I find

17   that you know your rights and that you are waiving them

18   knowingly and voluntarily, because I find your plea is entered

19   knowingly and voluntarily and is supported by an independent

20   basis in fact containing each of the essential elements of

21   these offenses, I accept your guilty plea and adjudge you

22   guilty of the offenses to which you have pled guilty.

23         I will order a presentence report.  I ask you to

24   cooperate with the people who prepare the report because it

25   will be important to me in making my decision as to what your

1    sentence will be.  You and your attorneys will have an

2    opportunity to review the presentence report before sentencing.

3    I urge you to review it carefully with them.  If there are any

4    mistakes in the report, point them out to your attorneys so

5    that they can point them out to me before sentencing so that I

6    don't proceed on the basis of mistaken information.

7              I am going to schedule sentencing for August 21 at 2

8    p.m.  In order for the probation office to complete its report

9    in a timely manner, I would ask the government provide its

10   factual statement to the probation officer within the next two

11   weeks and for defendant to be interviewed within the next two

12   weeks.

13             Mr. Ross?

14             MR. ROSS:  Yes, your Honor.  With respect to the

15   sentencing date, may I please request of the Court that that be

16   marked as a control date.  There are matters that were

17   discussed with the government, and we might need an

18   adjournment.  I will certainly keep the Court apprised of all

19   of that.

20             THE COURT:  All right.  We will mark it as a control

21   date.  For present purposes I am going to schedule the date for

22   submissions.  Again, if the date has to be adjourned, these

23   dates will be adjourned as well.  But if we do proceed on

24   August 21, the defendant's written submissions with respect to

25   sentencing will be due on August 7 and the government's papers

1    will be due on August 14.  I understand that Mr. Levitis is

2    currently out on bail, a package that includes a $100,000

3    personal recognizance bond cosigned by three financially

4    responsible people as well as equity in Mr. Levitis' father's

5    home.

6              What is the government's position with respect to

7    bail?

8              MR. IMPERATORE:  Your Honor, the government's position

9    is that the bail can be continued as previously set by the

10   Court.  However, we are in discussions with defense counsel

11   about potential modifications, and we may come before the Court

12   with an application.

13             THE COURT:  All right.  Mr. Levitis, you should

14   understand, first of all, that all the conditions of your

15   pretrial release remain in effect.  Just to review those with

16   you, there is the $100,000 personal recognizance bond I

17   mentioned cosigned by three financially responsible people and

18   secured by equity in your father's home.  Your travel is

19   restricted to the Southern and Eastern Districts of New York.

20   I assume you have already surrendered your travel documents.

21   You are required not to submit any new applications for travel

22   documents.  You are required to submit to regular pretrial

23   supervision.  You are not to have any contact with any victims

24   or witnesses involved in this case, no contact with

25   codefendants except in the presence of counsel, and you are

1   required to maintain a lawful employment.  All of those

2   conditions remain in effect.

3          You should understand that if you fail to return for

4   sentencing on the day and time that is set, you will be guilty

5   of a criminal act for which you could be sentenced to

6   imprisonment separate, apart from, and in addition to any other

7   sentence that might be imposed in connection with the crimes to

8   which you just pleaded guilty.

9          Is there anything else?

10         MR. ROSS:  Nothing further from us, your Honor.

11         MR. IMPERATORE:  Not from the government, your Honor.

12         THE COURT:  All right.  Then with respect to the LLC

13  we will resume at 2:45.

14         MS. KELLMAN:  Thank you, Judge.

15         MR. ROSS:  Thank you, Judge.

16         THE COURT:  Thank you.

17         (Adjourned)

18

19

20

21

22

23

24

25