UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br>    -against-<br><br>MICHAEL LEVITIS,<br><br>                                  Defendant. | Case No. 13 Cr. 327 (PGG)<br><br>**NOTICE OF MOTION** |

      **PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law, dated July 17, 2020, defendant Michael Levitis respectfully moves the Court before the Honorable Paul G. Gardephe, United States District Judge, at a date and time to be determined by the Court, for a compassionate release modification of Mr. Levitis's sentence, to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Dated: July 17, 2020
       New York, New York

                                                    /s/ Casey E. Donnelly
                                                  Casey E. Donnelly
                                                  WILLKIE FARR & GALLAGHER LLP
                                                  787 Seventh Avenue
                                                  New York, NY 10019
                                                  Telephone: (212) 728-8000
                                                  cdonnelly@willkie.com

                                                  *Counsel for Defendant Michael Levitis*

MEMO ENDORSED:

The motion for compassionate release is denied. Defendant pled guilty to conspiracy to commit mail and wire fraud, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. (Dkt. No. 102) This Court sentenced him to 108 months' imprisonment. (Dkt. No. 146) His projected release date is December 2, 2021. (Def. Br. (Dkt. No. 224) at 2) Defendant seeks compassionate release, arguing that his "declining kidneys and his family history of fatal kidney disease" make him particularly vulnerable to COVID-19. (Id. at 1)

Although recent test results suggest that Defendant's renal function may be impaired, Defendant has never been diagnosed with chronic kidney disease. (Govt. Opp. (Dkt. No. 226) at 3) There is no indication that he is experiencing kidney failure, and he is not on dialysis. (Id.) In its decision denying his request for compassionate release, the Bureau of Prisons ("BOP") characterizes Defendant's condition as "stable." (Dkt. No. 224-2)

As to risk from the novel coronavirus, Defendant is incarcerated at FCI Cumberland, where six inmates and two staff members have contracted and recovered from COVID-19. (Def. Br. (Dkt. No. 224) at 9) According to BOP records, no inmate currently has the virus, while two staff members are currently infected. (Govt. Ltr. (Dkt. No. 226) at 3) Given that FCI Cumberland has an inmate population of 1,090, it is obvious that the virus has been well controlled at that institution. The facility is currently closed to visitors to help prevent the virus's spread. (Id.)

As to the nature of the Defendant's offenses, he pled guilty to defrauding and preying on some 1,200 financially disadvantaged victims. (No. 15 Civ. 8977 (Dkt. No. 18) at 3, 9, 38) As the Court noted at sentencing, his victims were "desperate people drowning in debt. Some had lost their jobs. Some were single mothers. Others were retired people and senior citizens. A number had gotten into financial trouble as a result of serious illness that struck them or their spouse – whether cancer or some other disease." (Dkt. No. 164 at 56-57) Although Levitis contends that he does not present a risk of recidivism, he committed the instant offenses while on probation following his conviction for making a false statement to federal officials in connection with an unrelated Government investigation. (No. 15 Civ. 8977 (Dkt. No. 18) at 5, 6 n.3)

The motion for compassionate release is therefore denied. See United States v. Walton, No. 6:17-CR-06079 EAW, 2020 WL 4196358, at *4 (W.D.N.Y. July 21, 2020) (denying compassionate release motion in part because "FCI Cumberland appears to be doing a successful job in preventing the spread of COVID-19 within its facility"); United States v. Seshan, No. 14 Cr. 620 (JFK), 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying motion for compassionate release despite defendant's "end-stage renal failure and hypertension" and the threat of COVID-19 to inmates, because granting the motion would "disserve the[ ] important sentencing factors" in 18 U.S.C. § 3553(a)) As to Defendant's request, in the alternative, for an order permitting him to serve the remainder of his sentence in home confinement, the Court lacks jurisdiction to order such relief. See United States v. Bido, No. 14 Cr. 212 (RJS), 2020 WL 2765689, at *1 (S.D.N.Y. May 28, 2020) ("[F]urlough and home confinement . . . are exclusively within the discretion of the BOP; the Court lacks authority to order either one.").

SO ORDERED.

*Paul S. Gardephe*

Dated: July 27, 2020